1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9   LEIDSEPLEIN PRESSE, B.V.,

10                          Plaintiff,

11          v.

12   JOHN DOES, et al.,

13                          Defendants.

CASE NO. C16-5065 BHS

ORDER DENYING PLAINTIFF'S
MOTION FOR TEMPORARY
RESTRAINING ORDER

14
15        This matter comes before the Court on a motion for a temporary restraining order

16   brought by Leidseplein Presse, B.V.'s, a Netherlands corporation, on behalf of "AC/DC"

17   ("Plaintiff").  Dkt. 2. The Court has considered the pleadings filed in support of the

18   motion and the remainder of the file and hereby denies the motion for the reasons stated

19   herein.

20                          **I. PROCEDURAL HISTORY**

21        On January 26, 2016, Plaintiff filed a complaint against Various John Does, Jane

22   Does, and XYZ Companies alleging past and possible future acts that infringe Plaintiff's

1    registered trademarks.  Dkt. 1.  Plaintiff filed the complaint against various unknown

2    individuals and corporations.  *Id.*  Plaintiff also filed a motion for temporary restraining

3    order requesting an order of seizure executed by the U.S. Marshall, local authorities,

4    and/or private security personnel.  Dkt. 2.  Plaintiff also requests a show cause hearing,

5    which is essentially a waste of resources if defendants' identities are unknown and they

6    are not served with notice of the hearing.  *Id.*

7    **II. DISCUSSION**

8          While this may be a question of first impression in this Court, district courts across

9    the nation are split on the propriety of Plaintiff's anticipatory request for an order of

10    seizure.  *Compare SKS Merch, LLC v. Barry*, 233 F. Supp. 2d 841 (E.D. Ky. 2002)

11    (granting nationwide order of seizure), *with Plant v. Doe*, 19 F. Supp. 2d 1316 (S.D. Fla.

12    1998) (denying order of seizure).  Courts are also split on whether the order should apply

13    nationwide or only with the local district.  *See Barry*, 233 F. Supp. 2d at 848–51

14    (collecting cases).  The Court is unable to find any appellate court authority on these

15    issues, most likely because no defendant has contested any seizure.  Based upon review

16    of the briefing and relevant persuasive trial court authority, the Court agrees with the

17    *Plant* court that Plaintiff's request raises serious jurisdictional and justiciability issues.

18    *See Plant*, 19 F. Supp. 2d at 1318–19.  The Court need not add any more to that order,

19    and, based on the facts and procedural history that are remarkably similar to this case, the

20    Court adopts the reasoning set forth therein, and denies Plaintiff's motion.

21          Additionally, the Court finds that, at this time, Plaintiff has failed to show

22    immediate and irreparable harm in the absence of temporary relief.  While Plaintiff has

1    identified bootleggers at previous shows on previous tours, the upcoming show in

2    Tacoma is the first show of a North American tour.  Other than speculation, conjecture,

3    and past experience, there is no particularized evidence that bootleggers will appear at

4    this show or follow the band during the tour.  Moreover, Plaintiff has failed to show that

5    other means of preventing the alleged sales are either unavailable or unavailing.  Plaintiff

6    has failed to submit evidence describing efforts made to explore other available means of

7    preventing unauthorized vendors in the vicinity of the Tacoma Dome venue.  The Court,

8    for example, should have been provided more detail regarding the nature of Plaintiff's

9    agreement concerning use of the venue, the parking area, and other facilities.

10   Unanswered questions include: What controls are in place for the unauthorized use of

11   these facilities for the planned event? Would vendors need a license to sell their products

12   either on property owned by the venue or nearby City of Tacoma owned rights-of-way? If

13   so, would the local authorities be authorized to enforce complaints against violators for

14   trespass or violating other laws or regulations?

15         Finally, it appears that whatever urgency is presented by this motion is

16   fundamentally due to the Plaintiff's own delay in bringing this action, which appears

17   could have been brought months ago.

18         Therefore, the Court also denies Plaintiff's motion because Plaintiff has simply

19   failed to meet the high standard for obtaining an *ex parte* temporary restraining order that

20   would engage the full force of the federal judicial and police powers.

21

22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion for a temporary restraining order (Dkt. 2) is **DENIED**.

Dated this 28th day of January, 2016.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4